IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| CARLOS M. BUSH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 13-1286-JDT-egb |
| | ) | |
| ASSISTANT WARDEN DICKERSON, | ) | |
| ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DENYING MOTIONS TO APPOINT COUNSEL,
PARTIALLY GRANTING MOTION TO AMEND COMPLAINT,
GRANTING MOTIONS TO MODIFY SCHEDULING ORDER,
CONTINUING TRIAL DATE, AND
DIRECTING THAT PROCESS BE ISSUED AND SERVED

The *pro se* prisoner Plaintiff, Carlos M. Bush, filed a civil complaint on October 21, 2013, addressing his previous confinement at the Hardeman County Correctional Facility ("HCCF") in Whiteville, Tennessee. (ECF No. 1.) The Court subsequently dismissed portions of the complaint *sua sponte* and directed that Defendants Campbell and Harwell be served with process. (ECF No. 6.) Plaintiff filed an amended complaint on February 11, 2014. (ECF No. 14.) He also filed a motion to amend that was unaccompanied by a proposed amendment on March 4, 2014 (ECF No. 23). On April 14, 2014, the Court issued an order granting Defendants' motion to strike the amended complaint (ECF No. 17) and denying Plaintiff's motion to amend. However, the denial was without prejudice to his right to again seek leave to amend at any time prior to the motion deadline. (ECF No. 29.)

On May 22, 2014, and again on August 15, 2014, Plaintiff filed motions for the appointment of counsel. (ECF Nos. 32 & 42.) However, as stated in the order of partial dismissal, there is no constitutional right to counsel in a civil case. *See Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). Instead, the appointment of counsel in civil cases is "a privilege that is justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993) (citation and internal quotation marks omitted). There is nothing in Plaintiff's motions that warrants the appointment of counsel. Therefore, the motions for appointment of counsel are DENIED.

On May 27, 2014, Plaintiff filed a motion to amend the complaint, accompanied by a proposed amended complaint. (ECF No. 34 & 34-1.) Defendants have responded in opposition to the motion (ECF No. 35), contending that it would be futile.

Plaintiff first seeks to add Corrections Corporation of America ("CCA"), which owns and operates the HCCF, as a defendant. He alleges that CCA had a policy of failing to train and supervise its officers, which was the moving force behind the alleged constitutional violations. However, the events of which Plaintiff complains occurred on November 1, 2012 (ECF No. 1 at 2), more than one year before he filed his motion to amend.

The statute of limitations for an action pursuant to 42 U.S.C. § 1983 is the "state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claim arises." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007); *see also Wilson v. Garcia*, 471 U.S. 261, 275-76 (1985). The limitations period for § 1983 actions arising in Tennessee is the one-year limitations provision found in Tennessee Code Annotated § 28-3-104(a). *Roberson v. Tenn.*, 399 F.3d 792, 794 (6th Cir. 2005); *Hughes v. Vanderbilt Univ.*, 215 F.3d 543, 547 (6th Cir. 2000); *Berndt v. Tenn.*, 796 F.2d 879, 883 (6th Cir. 1986). Therefore,

2

Plaintiff's claims against CCA, which arise out of the incident that occurred on November 1, 2012, are untimely.

The claims Plaintiff seeks to bring against CCA also do not relate back to the date of the original complaint under Federal Rule of Civil Procedure 15(c). The Sixth Circuit has held that, "an amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations." *In re Kent Holland Die Casting & Plating, Inc.*, 928 F.2d 1448, 1449 (6th Cir. 1991). Rule 15(c) does permit parties to amend in order to correct misnomers that were the result of "a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii); *see also Kelter v. WASP, Inc.*, ___ F. Supp. 2d ___, 2014 WL 949903, at *5-*6 (W.D. Ky. Mar. 11, 2014). However, Plaintiff's failure to sue CCA within the statute of limitations was not due to a mistake as to the identity of any defendant.

The order of partial dismissal dismissed the claims against Defendants Dickerson, Veal, and Ester, noting that they were sued solely on the basis of *respondeat superior* because of their supervisory positions. (ECF No. 6 at 7.) With regard to Defendant Ester, Plaintiff's proposed amendment contains no new allegations. As to Defendants Dickerson and Veal, most of the allegations in the amendment still focus on their supervisory positions. Plaintiff does allege that when he returned from the hospital, "Dickerson and Veal stated to me that inmates still popping that they got to find out how to stop it." (ECF No. 34-1 at 5.)[1] However, this single statement is not enough to bring the allegations against these Defendants out of the realm of *respondeat superior*.

The order of partial dismissal also dismissed Plaintiff's claims against Defendant King on the basis that the complaint alleged only *respondeat superior* liability. (ECF No. 6 at 7.) In the

---

[1] Plaintiff alleges that the inmates who entered his cell and assaulted him "popped" the cell door with a piece of thin metal. (*Id.*)

proposed amendment, Plaintiff alleges that King failed to provide him with medical care immediately following the assault:

> Sergeant King was deliberately indifferent to the Plaintiff's medical needs. Specifically, the Plaintiff, injured [sic] with broken bones in his face and lacerations, and bloody real bad. Got pictures. Pressed the emergency botton [sic] for medical help, control booth officer said she was going to call Sergeant King cause she saw what happen. And after 10 minutes Se[r]geant King came to my cell and shook my door and look at me and smile and said Bush ain't nothing wrong with you and walk off. In dire pain, the plaintiff push the emergency botton [sic] and the control booth Officer Harwell "stated Sergeant King said it wasn't nothing wrong with you stop push the botton [sic]!" Plaintiff pleaded with officer Harwell on the emergency botton [sic] speaker for help until she finally gave in and sent Officer Campbell to my cell to check on me, that's when a code for help was call. The factual allegations are supported by the surveillance footage on Nov. 1, 2012 and by C/O Campbell & Harwell Incident Statement. It will prove that Sergeant King deliberate indifference intentionally denied me medical help, delay me medical help.

(*Id.* at 7-8.)

Defendants contend that these allegations are also barred by the one-year statute of limitations. However, under Federal Rule of Civil Procedure 15(c)(1)(B), an amendment adding new claims against a defendant who was named in the original pleading relates back to the date of the original complaint if it "asserts a claim . . . that arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading." Therefore, Plaintiff's claims against Defendant King relate back to the date of the original complaint and will be allowed to go forward.

Plaintiff's motion to amend is DENIED as to the claims he seeks to bring against CCA, Dickerson, Veal, and Ester. However, the motion is GRANTED with regard to the additional claims he brings against Defendant King.

On August 15, 2014, Plaintiff filed a motion to modify the scheduling order to extend the discovery and motion deadlines. (ECF No. 43.) Defendants filed a similar motion on September 24,

2014. (ECF No. 47.) These motions are GRANTED. **The discovery deadline is extended to November 28, 2014, and the dispositive motion deadline is extended to December 31, 2014. The trial of this case, currently scheduled for January 7, 2015, is hereby CONTINUED and will be reset by the Clerk.**

The Clerk is ORDERED to issue process for Defendant Kesha King and deliver that process to the U.S. Marshal for service. Service shall be made on Defendant King pursuant to Federal Rule of Civil Procedure 4(e) and Tennessee Rules of Civil Procedure 4.04(1) and (10), either by mail or personally if mail service is not effective. All costs of service shall be advanced by the United States.

IT IS SO ORDERED.

                                            s/ **James D. Todd**
                                            JAMES D. TODD
                                            UNITED STATES DISTRICT JUDGE